E-Filing

CHAMBERS COPY

FILED

APR 24 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

THOMAS M. O'CONNELL
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5053
Fax: (408) 535-5066

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> MARK ANTHONY ARNOLD, <br> Defendant. | CR. 05-00811- JW <br><br> STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: DISCOVERY OF CHILD PORNOGRAPHY |

Mark Anthony Arnold is charged by indictment with one count of transmission and one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(1) and (a)(2), as well as a forfeiture allegation.

The United States will produce to counsel for the defendant in this case (1) a mirror image of all digital media that was obtained from the seized computer of the defendant (2) a compact disk containing all the information seized from a Yahoo account in connection with an investigation of this case and (3) hard copies of all images recovered during the search of defendant's home, all of which include images that the government alleges contains images of child pornography. Pursuant to the child victim privacy provisions of 18 U.S.C. § 3509(d) and

STIPULATION AND PROTECTIVE ORDER
[No. 05-00811]

1. Federal Rule of Criminal Procedure 16, the parties stipulate, and the Court orders, that disclosure of these materials shall be subject to the following restrictions:

    1.    The United States will produce to counsel for the defendant in this case (1) a mirror image of all digital media that was seized from the defendant and (2) a mirror image of the website at issue in this case, both of which include digital media that the government alleges contains images of child pornography, and (3) hard copies of images alleged to be child pornography seized from defendant's home. The digital media and hard copy images of child pornography will hereinafter be referred to together as "restricted discovery." The term "restricted discovery" refers only to that portion of discovery that constitutes an image or images depicting a minor or minors engaged in sexually explicit conduct as defined in Title 18 United States Code § 2256(1) & (2). By entering into this stipulation, the defense does not concede that any items of discovery constitutes sexually explicit images depicting minors or that the defendant possessed such images..

    2.    Except when being actively examined for the purpose of the preparation of the defense of defendant Mark Anthony Arnold, the restricted discovery produced by the United States to the Federal Public Defender (FPD) shall be maintained at the Federal Pubic Defender's Main office in this federal judicial district, in San Francisco, in a locked, safe, and secure drawer, cabinet, or safe which is accessible only to the FPD computer systems administrators. The FPD computer systems administrators and/or the Federal Public Defender shall not permit any person access of any kind to the restricted discovery except as set forth below.

The following individuals may examine the identified restricted discovery:

    a)    The Federal Public Defender and those permanent members of his staff who are assisting in the investigation and preparation of this case,

    b)    The defendant with Angela Hansen, the Assistant FPD assigned to this case, or a member of the Federal Public Defender's permanent staff present.

The Federal Public Defender's Office shall keep a log of the identities of those persons entrusted with restricted discovery, as well as the dates and times of their examination thereof, which shall be filed with the court, *ex parte* and under seal, at the conclusion of the case.

STIPULATION AND PROTECTIVE ORDER
[No. 05-00811]     2

Other than those enumerated above, no other person shall examine the identified restricted discovery, nor shall any copies be made of the identified restricted discovery without further order of this Court. Examination of the restricted discovery shall be done in a secure environment which will not expose the materials to other individuals not listed above or permitted to examine the restricted discovery by further order of the Court.

3. If Ms. Hansen determines that, other than those individuals described above in paragraph 2, additional individuals or experts are needed to review the material she must obtain a further order of the Court before allowing any other individual to review the material. Application for such order may be made *ex parte* and under seal.

4. The restricted discovery shall not leave the Federal Public Defender's Office in San Francisco without further order of the Court, the application for which may be made *ex parte* and under seal.

5. The restricted discovery shall not be transported to defense expert or anyone else, by way of the United States mail or other facility of interstate commerce without further order of the Court, the application for which may be made *ex parte* and under seal.

6. A copy of this order shall be maintained with the restricted discovery at all times.

7. No copies of any of the identified restricted discovery may be made without further court order. The prohibition on copying includes but is not limited to (1) printing out images onto paper or film and (2) duplicating the images in any digital format which is not an integral aspect of the forensic viewing procedure. This restriction in no way precludes the defense from copying discovery not identified as restricted discovery.

8. The computer from which the digital media will be accessed shall not be connected to the Internet or to any other computer network.

9. Any pleadings that include copies of any identified restricted discovery or reveals the identity of any alleged minor victims shall be filed under seal.

10. Within 10 court days of the judgment and sentencing hearing in this matter, all material provided to defense counsel pursuant to this Order, and all other authorized copies, if any, shall be returned to the United States. The United States shall destroy them. If defendant

believes that he must maintain the material for any reason related to appeal, defendant must seek authorization from the District Court within 10 days of the sentencing and judgment in this matter.

11.  Violations of this order may be punishable by contempt and other sanctions by this Court and by state and federal criminal charges for possession or dissemination of child pornography.

STIPULATED:

DATED: April 20, 2006

/S/
ANGELA HANSEN
Attorney for defendant Mark Anthony Arnold

DATED: April 20, 2006

/S/
THOMAS M. O'CONNELL
Assistant United States Attorney

IT IS ORDERED.

DATED: April 24, 2006

RICHARD SEEBORG
United States Magistrate Judge

STIPULATION AND PROTECTIVE ORDER
[No. 05-00811]

4